IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

DOUGLAS MARTINEZ,

      Plaintiff,

   vs.

                                  No. 18-2766-JTF-dkv

TENNESSEE BOARD OF REGENTS,
TRACY HALL, JACQUELINE FAULKNER,
LEZLY WEBB, PHOENIX WORTHY,
and TONY PARKER,

      Defendants.

_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On November 2, 2018, the plaintiff, Douglas Martinez ("Martinez"), filed a *pro se* "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" on the court-supplied form against the Tennessee Board of Regents ("the Board"), and Tracy Hall ("Hall"), Jacqueline Faulkner ("Faulkner"), Lezly Webb ("Webb"), Phoenix Worthy ("Worthy"), and Tony Parker ("Parker"), individually and in their official capacities, (collectively "the Defendants"). (Compl. 1-3, ECF No. 1.) Martinez indicated in his complaint that Hall, Faulkner, Webb and Worthy were employed at Southwest Tennessee Community College and that Parker was employed by the Tennessee Department of Corrections. (*Id.* at 2.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which the court granted on

November 5, 2018.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order. 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that the claims against all defendants be dismissed *sua sponte.*

## I.    PROPOSED FINDINGS OF FACT

Martinez's complaint leaves a lot to be desired. It contains almost no factual allegations; instead, Martinez merely lists his claims against each named defendant in a conclusory manner. From what the court can glean from his complaint, Martinez's claims arise from incidents surrounding his schooling at Southwest Tennessee Community College, located in Memphis, Tennessee. (Compl. 2-3, ECF No. 1.) In general, Martinez alleges that the Board, the named defendant employees of Southwest Tennessee Community College, and Parker removed him from his classes and banned him from school property in such a way that his right to attend college was violated, he was slandered and harassed, subjected to cruel and unusual punishment, and denied his right to due process. (*Id.*)

Specifically, as to the Board, Martinez claims that the Board knowingly and purposely: (1) violated his right to attend college, (2) illegally detained him, (3) slandered and harassed

him, (4) harassed his friend, (5) publicly humiliated him, and (6) denied his right to due process. (*Id.* at 2.) With respect to the named employee defendants, Martinez claims that Hall: (1) knowingly and purposely "allowed her employees" to violate his right to freedom of security in his person, (2) violated his right to attend college, (3) subjected him to cruel and unusual punishment, (4) harassed him, and (5) denied his right to due process by ordering his removal from classes and banning him from school property. (*Id.*) Martinez claims that Faulkner knowingly and purposely provided false information that led to his removal from classes and school property and, in turn, deprived him of his right to attend college. (*Id.* at 3.) As against Webb, Martinez alleges that she: (1) knowingly and purposely illegally detained him for several hours, (2) slandered him, (3) harassed him and threatened him with incarceration, (4) ordered her employee to harass his friend at work, and (5) violated his right to attend college. (*Id.*) Martinez alleges that Worthy: (1) knowingly and purposely violated his right to attend college, (2) violated his right to due process, and (3) provided false information that lead to his removal from classes and school property. (*Id.*) Finally, Martinez claims that Parker knowingly and purposely allowed his removal from classes which violated his right to attend college. (*Id.*)

II.   PROPOSED CONCLUSIONS OF LAW

A.   <u>28 U.S.C. § 1915(e)(2)(B) Screening</u>

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed in forma pauperis until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B).   The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.   This report and recommendation will constitute the court's screening of Martinez's complaint.

The court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)   is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

B.    Standard of Review for Failure to State a Claim

In assessing whether Martinez's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.    *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).    "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original).    "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth.    While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.    Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").    "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'

— 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (internal quotations and citation omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)(internal quotations and citation omitted)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  That duty would not only be overly burdensome; it would also transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the

rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.   <u>Martinez's Federal Claims</u>

Although Martinez fails to identify anywhere in his complaint any specific constitutional right that he claims was violated, the language in his complaint can be liberally construed as asserting § 1983 claims for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Compl. 2-3, ECF No. 1.)   Martinez sues Hall, Faulkner, Webb, Worthy, and Parker in both their individual and official capacities. He also seeks to hold the Board liable under § 1983 for the actions of the named defendants employed by Tennessee Southwest Community College.

Official and individual capacity liability under 42 U.S.C. § 1983 should be carefully distinguished. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)(citations omitted)(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Individual capacity suits, in contrast, seek to impose personal liability upon a government official for actions taken under color of state law, where the plaintiff recovers only against the government official's personal assets. *Id.*

Actions for damages against a defendant in his official capacity are, in essence, actions against the governmental entity. *Monell*, 436 U.S. at 690 n.55. Therefore, "[t]here is no longer a need to bring official capacity actions against local government officials, for . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Graham*, 473 U.S. at 167 n.14 (holding that claims against officials in their official capacity are tantamount to a suit against the entity itself). "If official capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent . . . then official capacity suits are redundant and improper.'" *Doe v. Bd. of Educ. of Memphis City Schs.*, 2006 WL 8435204, at *3 (W.D. Tenn. Oct. 23, 2006)(citing to *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).

Hall, Faulkner, Webb, and Worthy are allegedly employees of Southwest Tennessee Community College. Parker is allegedly an employee of Tennessee Department of Corrections. Southwest Tennessee Community College is a state-run higher-education facility. It is funded and run through the State University and Community College System of Tennessee under governance of the Tennessee Board of Regents, with a mission "to provide the citizens of Shelby and Fayette counties and the surrounding Mid-South region with a high quality and affordable post-secondary

education." *Mission Statement*, Southwest Tennessee Community College, http://southwest.tn.edu/mission_statement.htm (last visited Dec. 27, 2018). Martinez has named the Board as a defendant but has not named Southwest Tennessee Community College. Nevertheless, Martinez's claims against Hall, Faulkner, Webb, and Worthy in their official capacity are liberally construed as claims against Southwest Tennessee Community College, and Martinez's official capacity claim against Parker is construed as a claim against the Tennessee Department of Corrections even though the Tennessee Department of Corrections is not a named defendant.

To state a claim under § 1983, a plaintiff must identify a right secured by the Constitution and a deprivation of that right by a person acting under the color of state law. 42 U.S.C. § 1983; *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Knight v. Gill*, 999 F.2d 1020, 1022 (6th Cir. 1993). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Section 1983 liability will not be imposed solely upon the basis of respondeat superior.

To be liable in an individual capacity, there must be a showing that the employee encouraged the specific incident of misconduct or in some way directly participated in it. "At a

minimum, a § 1983 plaintiff must show that a supervisory official
at least implicitly authorized, approved or knowingly acquiesced
in the unconstitutional conduct of the offending subordinate."
*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Here, Martinez's complaint alleges no facts or individual
acts that would subject Hall, Faulkner, Webb, Worthy, or Parker
to individual liability under § 1983. For the reasons set forth
below, it is recommended that any and all of Martinez's § 1983
claims against Hall, Faulkner, Webb, Worthy, and Parker in their
individual capacities be dismissed. Likewise, it is recommended
that any and all "official capacity claims" against Southwest
Tennessee Community College and the Tennessee Department of
Corrections be dismissed, as well as all claims against the
Tennessee Board of Regents.

1. *Martinez's § 1983 Claims against Hall, Faulkner, Webb,
   Worthy, and Parker in their Individual Capacities for
   Violations of the Fourth Amendment*

In his complaint, Martinez alleges, in a conclusory manner,
that Hall "knowingly and purposely allowed her employees to
violate several of [his] civil rights, including freedom of
security in person . . . ." (Compl. 2, ECF No. 1.) Liberally
construed, "freedom of security in person" implicates the Fourth
Amendment. (Compl. 2, ECF No. 1.) In addition, Martinez alleges
that Webb "illegally detained [him] for several hours." (*Id.* at
2.) The Fourth Amendment to the Constitution guarantees that

"[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.  Martinez, however, fails to allege any surrounding facts or circumstances supporting his claim that his right to "freedom of security in person," as protected by the Fourth Amendment was violated or that he was illegally detained in violation of the Fourth Amendment.  There are no dates, times, places, or circumstances surrounding these claims set forth in the complaint. Because of the complete lack of factual allegations contained within the complaint, it is recommended that any and all of Martinez's § 1983 claims against the individually-named defendants in their individual capacities for violation of the Fourth Amendment, to the extent they can be construed as such, be dismissed for failure to state a claim upon which relief may be granted.

> 2. *Martinez's § 1983 Claims against Hall, Faulkner, Webb, Worthy, and Parker in their Individual Capacities for Violations of the Fifth Amendment*

Martinez alleges that Hall, Faulkner, Webb, Worthy, and Parker removed him from his classes and from the property of Southwest Tennessee Community College and/or violated his right to attend college there.  As to Hall and Worthy, Martinez specifically states that they denied him due process or violated his right to due process.  (Compl. 2-3. ECF No. 1.)  The Fifth Amendment to the United States Constitution declares that no

11

person shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Fifth Amendment limits the power of the federal government and the Fourteenth Amendment secures the application of the Fifth Amendment to the state governments. *Malloy v. Hogan*, 378 U.S. 1, 8, 26 (1964)("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth."). Here, none of the individually-named defendants acted on behalf of the federal government and, thus, they cannot incur liability under the Fifth Amendment. *Hockenberry v. Vill. Of Carrollton*, 110 F. Supp. 2d 597, 603 (N.D. Ohio 2000).

Martinez's due process claim is better construed as brought under the Fourteenth Amendment, discussed below. As previously stated, Southwest Tennessee Community College is a state-run higher-education facility. It is, in no uncertain terms, a state-run facility. As a result, the defendants here cannot be considered federal actors and the Fifth Amendment cannot be the basis for § 1983 liability.

Therefore, it is recommended that any and all of Martinez's § 1983 claims against the individually-named defendants in their individual capacities for violation of the Fifth Amendment, to the extend they can be construed as such, be dismissed for

failure to state a claim upon which relief may be granted.

    3. *Martinez's § 1983 Claims against Hall, Faulkner, Webb,
Worthy, and Parker in their Individual Capacities for
Violations of the Eighth Amendment*

Martinez alleges that Hall "knowingly and purposely allowed
her employees to violate several of [his] civil rights, including
. . . cruel and unusual punishment." (Compl. 2, ECF No. 1.)
Martinez's allegation that Hall's actions subjected him to cruel
and unusual punishment is liberally construed as a claim for
violation of the Eighth Amendment's cruel and unusual punishment
clause. (Compl. 2, ECF No. 1.) Martinez's complaint, however,
contains no factual allegations whatsoever supporting any claim
of cruel and unusual punishment.

The Eighth Amendment to the United States Constitution
prohibits cruel and unusual punishment. U.S. Const. amend. VIII.
Only those convicted of crimes can bring claims under the Eighth
Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Ingraham
v. Wright*, 430 U.S. 651, 664 (1977); *Roberts v. City of Troy*, 773
F.2d 720, 722-23 (6th Cir. 1985). There is no allegation in the
complaint that Martinez was a convicted prisoner when he
allegedly was subjected to cruel and unusual punishment by Hall's
employees. Therefore, the Eighth Amendment is not applicable
here, and it is recommended that any and all of Martinez's § 1983
claims against the individually-named defendants in their
individual capacities arising under the Eighth Amendment, to the

extent they can be construed as such, be dismissed for failure to
state a claim upon which relief may be granted.

    4. *Martinez's § 1983 Claims against Hall, Faulkner, Webb,
Worthy, and Parker in their Individual Capacities for
Violations of the Fourteenth Amendment*

The Fourteenth Amendment forbids a state from depriving any
person of life, liberty, or property without due process of law.
U.S. Const. amend. XIV, § 1.  The Due Process Clause contains "a
substantive component that bars certain arbitrary, wrongful
government actions 'regardless of the fairness of the procedures
used to implement them.'"  *Zinermon v. Burch*, 494 U.S. 113, 125
(1990)(quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).
The Due Process clause also encompasses another type of
protection, a guarantee of fair procedure.  Thus, a § 1983 action
may be brought for a violation of procedural due process.  *Id.* at
125–26.

a. Procedural Due Process

Martinez's complaint can be interpreted as claiming that all the individually-named defendants deprived him, without due process of law, of his liberty interest in continuing his college education. (Compl. 2–3, ECF No. 1.) "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). In procedural due process claims, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional." *Zinermon*, 494 U.S. at 125 (citation omitted). Rather, it is the deprivation of the interest *without due process of law* that is unconstitutional. *Id.* In other words, "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Id.* at 126.

To state a claim for a violation of procedural due process, a plaintiff must allege that: (1) he had a property or liberty interest of which he was deprived; and (2) the state did not afford him adequate procedural rights prior to depriving him of the interest. *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012)(citing *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)); *Smith v. Jefferson*

*Cnty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 216 (6th Cir. 2011)(citing *Leary v. Daeschner*, 228 F.3d 729, 741 (6th Cir. 2000)).

Once the court determines that due process applies, the question still remains what process is due. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The Supreme Court has made clear that there are two basic due process requirements: (1) notice, and (2) an opportunity to be heard. *See Goss*, 419 U.S. 565, 579 (1975)(quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)("The fundamental requisite of due process is the opportunity to be heard.")); *Goldberg v. Kelly*, 397 U.S. 254 (1970). The type of notice and hearing required varies based on the facts surrounding the disputed actions. *See Gorman*, 837 F.2d at 12 (stating that due process is "not a fixed or rigid concept, but, rather, is a flexible standard which varies depending upon the nature of the interest affected, and the circumstances of the deprivation").

The term "liberty interest" extends beyond freedom from bodily restraint. *Roth*, 408 U.S. at 572. A liberty interest also denotes:

> the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, to establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men.

*Id.* (citation and internal quotation marks omitted). Courts have

repeatedly held that "the Due Process Clause is implicated by higher education disciplinary decisions" but recognized that "[t]he *amount* of process due will vary according to the facts of each case." *Flaim v. Medical Coll. of Ohio*, 418 F.3d 629, 634 (6th Cir. 2013). *See also Jaksa v. Regents of Univ. of Mich.,* 597 F.Supp. 1245 (E.D. Mich. 1984), *aff'd,* [787 F.2d 590 (6th Cir. 1986)](finding the due process clause implicated in suspension from university for cheating); *Goss v. Lopez,* 419 U.S. at 575 (liberty interest implicated in high-school suspension); *Roth,* 408 U.S. at 564; *Gorman v. Univ. of R.I.,* 837 F.2d 7, 12 (1st Cir. 1988)(holding that a student's interest "in pursuing an education is included within the fourteenth amendment's protection of liberty"). Therefore, Martinez has a cognizable liberty interest in his continued education and was entitled to due process of law in his removal from classes and the Southwest Tennessee Community College campus.

While procedural due process is in fact implicated by higher education disciplinary decisions, Martinez has alleged no facts in support of his conclusory allegation that he was denied procedural due process. "Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under [§] 1983." *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)(citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). The

complaint must set forth some factual basis for § 1983 claims, either "direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (quoting *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993)). Here, Martinez's complaint states no facts regarding whether he was afforded the proper process or whether he was afforded *any* process. (Compl., ECF No. 1.) His complaint fails to set forth any factual basis or direct or inferential allegations respecting *any* claim for deprivation of his Fourteenth Amendment procedural due process rights pursuant to § 1983.

Accordingly, because there are no plausible factual allegations regarding Martinez's removal from classes and from school property, the complaint fails to state a cognizable § 1983 claim for denial of procedural due process under the Fourteenth Amendment. It is recommended that any and all of Martinez's § 1983 claims against the individually-named defendants arising under the Fourteenth Amendment's procedural due process protection be dismissed.

b. Substantive Due Process

Martinez charges in his complaint that the individually-named defendants violated his right to attend college at Southwest Tennessee Community College by removing him from the classes and campus of Southwest Tennessee Community College which implicates Fourteenth Amendment substantive due process. (Compl. 2-3, ECF No. 1.)

"The Supreme Court has never held that the interest in continued education at a public university constitutes a fundamental property or liberty interest that finds refuge in the substantive protections in the due process clause." *Martinson v. Regents of Univ. of Mich.*, 562 Fed. App'x 365, 375 (6th Cir. 2014); *see also Rogers v. Tenn. Bd. of Regents*, 273 Fed. App'x 458, 463 (6th Cir. 2008)(citing *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 222-23 (1985) and *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 91-92 (1978) and noting that the High Court has only assumed, *arguendo*, that such a right exists); *Thomas v. Gee*, 850 F. Supp. 665, 675 (S.D. Ohio 1994)("The right to pursue an education, while obviously important, is not a fundamental right implicitly protected by the Constitution and subject to the protection of substantive due process against arbitrary governmental action.").

The Sixth Circuit has limited continued post-secondary education as a substantive due process right even further.    In

19

*Bell v. Ohio State University*, the court held, "[w]here . . .
there is no equal protection violation, we can see no basis for
finding that a [post-secondary] student's interest in continuing
her . . . education is protected by substantive due process."
351 F.3d 240, 251 (6th Cir. 2003)("The interests protected by
substantive due process are of course much narrower than those
protected by procedural due process."). Here, Martinez alleges
no equal protection violation, and his complaint cannot be read
to allege facts that could, even arguably, amount to a denial of
equal protection. In the absence of such allegation of a denial
of equal protection, Martinez's Fourteenth Amendment substantive
due process claim for violation of his right to attend college
fails.

Accordingly, Martinez's complaint fails to state a
cognizable § 1983 substantive due process claim under the
Fourteenth Amendment against the individually-named defendants.
It is recommended that any and all of Martinez's § 1983 claims
against the individually named defendants arising under the
Fourteenth Amendment's substantive due process clause be
dismissed.

1. *Section 1983 Claims Against the Board, Southwest*
   *Tennessee Community College, and the Tennessee Department*
   *of Corrections*

Martinez alleges that the Board "knowingly and purposely
violated [his right] to attend a college of [his] choice" and

20

"allowed Southwest [Tennessee] Community College to . . . illegally detain [him], slander and harass [him], harass [his] friend at work, and publicly humiliate [him] and deny [him] due process." (Compl. 2, ECF No. 1.)  It appears from his complaint that Martinez attempts to hold the Board and Southwest Tennessee Community College liable for the actions of Hall, Faulkner, Webb, Worthy, and Parker, and the Tennessee Department of Corrections also liable for the actions of Parker. A governmental entity is liable under § 1983 when "the entity's 'policy or custom' [] played a part in the violation of federal law. *Graham*, 473 U.S. at 199 (quoting *Monell*, 436 U.S. at 694).  An educational board cannot be liable on a theory of *respondeat superior*; the plaintiff must show that the entity itself is the wrongdoer. *Hart v. Paint Valley Local Sch. Dist.*, 2002 WL 31951264, at *9 (S.D. Ohio Nov. 15, 2002)(citing to *Doe v. Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 506 (6th Cir. 1996)).

Instead, an entity will be liable under § 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results om the deprivation of a constitutionally protected right. *Id.* (citing to *Monell*, 436 U.S. at 690-91. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)(quoting *Polk Co. v.*

*Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)).

In the instant case, Martinez has failed to allege that the Board, Southwest Tennessee Community College, and the Tennessee Department of Corrections acted pursuant to a policy, procedure, or custom in causing his alleged constitutional harm, and nothing in the complaint demonstrates that the actions of its employees occurred as a result of a policy or custom implemented or endorsed by the Tennessee Board of Regents, Southwest Tennessee Community College, and the Tennessee Department of Corrections. Martinez's theory of liability is not premised on such required policy or custom, but on *respondeat superior* which is an impermissible avenue of imposing liability upon the Board, Southwest Tennessee Community College, and the Tennessee Department of Corrections.

Not only has Martinez failed to point to a policy, procedure, or custom of the Board, Southwest Tennessee Community College, and the Tennessee Department of Corrections, Martinez has also failed to plead any violation of his *constitutional rights* in fact occurred. As explained in Section II.A.2 *supra*, Martinez's complaint alleges no violation of his constitutional rights. (*See* Compl., ECF No. 1.) Martinez has failed to claim any injury or harm regarding his constitutional rights, as required under *Monell*. 436 U.S. 658, 690-91 ("holding that municipal liability must be predicated upon the existence of some

22

policy, procedure, or custom resulting in *constitutional* harm to the plaintiff")(emphasis added).

Accordingly, it is recommended that any and all of Martinez's § 1983 claims against the Board as well as Southwest Tennessee Community College, and the Tennessee Department of Corrections (to the extent they can be considered defendants) be dismissed for failure to state a claim upon which relief may be granted.

D.  <u>Martinez's State Law Claims</u>

In his complaint, Martinez alleges that he was slandered and harassed by the Board and by Webb.  (Compl. 2-3, ECF No. 1.) Martinez also claims that, in connection with his harassment, the Board also harassed his friend.  (*Id.* at 2.)  Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.  In the Sixth Circuit, the policy is that "'[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well.'"  *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009)(quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)).  The court has original jurisdiction only over Martinez's claims arising under federal law,[1] and because the court recommends dismissal of those claims, it is further recommended that the court decline to exercise supplemental jurisdiction over Martinez's state law claims.  Accordingly, the court recommends that Martinez's state law claims be dismissed for lack of subject-matter jurisdiction.

---

[1]    Martinez does not indicate that he is seeking to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332. Regardless, there is no complete diversity between the parties because Martinez and at least one of the defendants – the Board – are citizens of Tennessee.

III.   RECOMMENDATION

For the foregoing reasons, the court recommends that Martinez's federal claims be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) upon which relief may be granted and that Martinez's state law claims be dismissed for lack of subject-matter jurisdiction.

Accordingly, this court recommends that the complaint be dismissed *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Respectfully submitted this 22nd day of January, 2019.


s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.