IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-02766-JTF-dkv |
| | ) | |
| TENNESSEE BOARD OF REGENTS, | ) | |
| TRACY HALL, | ) | |
| JACQUELINE FAULKNER, | ) | |
| LEZLY WEBB, PHOENIX WORTHY, | ) | |
| and TONY PARKER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION AND ORDERING SERVICE OF PROCESS TO ISSUE**

On November 2, 2018, Plaintiff Douglas Martinez filed a *pro se* Complaint against the Defendants alleging violations of 42 U.S.C. § 1983. (ECF No. 1.) The motion was referred to the Chief United States Magistrate Judge for management of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and West Tenn. L.R. 4.1(b)(1). On November 5, 2018, Martinez was granted leave to proceed *in forma pauperis*. (ECF Nos. 2 & 7.) The Chief Magistrate Judge screened the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), recommending that the Court dismiss with prejudice the case *sua sponte* with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 8.) On April 1, 2019, Plaintiff filed Objections to the Chief Magistrate Judge's Report and Recommendation. (ECF No. 12.) For the reasons below, the Court Adopts in Part the Chief Magistrate Judge's Report and Recommendation and Orders Service of Process by the U.S. Marshal to issue.

1

## I. STANDARD OF REVIEW

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). When a Magistrate Judge submits proposed findings of fact and recommendations to the District Judge, either party may serve and file written objections to such proposed findings and recommendations in accordance with the rules of court. 28 U.S.C. §§ 636(b)(1)(B)–(C). After reviewing the evidence, the Court may accept, reject, or modify, in whole or in part, any findings or recommendations made by a Magistrate Judge. *Id.* A Court need not review any portion of the recommendation to which a Plaintiff does not specifically object. Therefore, it may adopt the findings and rulings of a Magistrate Judge to which a specific objection is not filed. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). "*Pro se* litigants . . . are not exempt from the requirements of the Federal Rules of Civil Procedure." *Payne v. Lucite International*, No. 13-2948-STA-tmp, 2014 WL 2826343, at *4 (W.D. Tenn. June 23, 2014) (*citing Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. STATEMENT OF THE FACTS

The Chief Magistrate Judge's Report and Recommendation includes proposed findings of fact that Martinez is a former student at Southwest Community College in Memphis, Tennessee. Martinez alleges that college officials knowingly and purposefully denied him the right to attend classes, slandered, harassed, detained and subjected him to cruel and unusual punishment by removing and banning him from campus, in violation of his due process and civil rights under 42 U.S.C. § 1983. (ECF No. 1, 2–3 ¶ IV & ECF No. 8, 2–3.) Martinez filed objections pursuant to 28 U.S.C. § 636(b)(1)(C), adding that university officials conspired to prosecute and expelled

him from the campus for violating Tenn. Code Ann. § 40-39-211(d).[1] Martinez alleges that the administrators' actions not only caused him and his roommate personal injuries, but that the college officials refused his request for an appeal, *to wit*, a due process violation. (ECF No. 12, 2–3.) Based on his *pro se* status, Martinez requests leave to amend his original Complaint, filing the proposed Amended Complaint as an attachment to his Objections. (ECF No. 12, 2 & ECF No. 12-3). The Objections to the Report and Recommendation do not significantly pertain to the Chief Magistrate Judge's proposed findings of fact. As such, those factual findings are fully adopted by the Court.

### III.    ANALYSIS

The Chief Magistrate Judge construed Martinez's federal law claims against the named college officials Hall, Faulkner, Webb, and Worthy as well as those against Parker, an alleged employee of the Tennessee Department of Corrections as § 1983 claims based on the alleged violations of the Fourth, Fifth, Eighth and Fourteenth Amendments. (ECF No. 8-1, 7.) Although the Chief Magistrate Judge noted that the factual allegations in the initial Complaint were scant and conclusory, the Chief Magistrate Judge examined the claims against the named parties in both their official and individual capacities, recommending *sua sponte* dismissal under Fed. R.

---

[1] The relevant provisions of Tenn. Code Ann. §§ 40-39-211(d)(1) and (d)(2) provide :
   Residential and work restrictions –
   (d)(1) No sexual offender, as defined in 40-39-202, or violent sexual offender , as defined in 40-39-202, shall knowingly,
   (A) Be upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present:
    . . .
   (2) Subsection (d)(1) shall not apply when the offender:
      (A) Is a student in attendance at the school;
     . . .
   *See* Tenn. Code Ann. §§ Justice 40-39-211(d)(1) & (2).

Civ. P. 12(b)(6). (ECF No. 8-1, 7–14.)

Martinez objects to the legal findings of the Report and Recommendation, asserting that the Chief Magistrate Judge did not state a legal basis for her decision and that she did not have jurisdiction to recommend dismissal of the case without the parties' consent. Martinez also objects that the PLRA does not apply because he was not and is not a prisoner. He urges that because *sua sponte* dismissals are unfavorably viewed, a *sua sponte* dismissal in this case would be premature without an opportunity for him to be heard. (ECF No. 12, 3–6.) Included in Martínez's Objections is his request to amend the original Complaint, a copy of which is attached. (ECF No. 12-3.)

First, Martinez objects that the Chief Magistrate Judge failed to provide any legal authority for her recommendation of dismissal. This objection is simply without merit. As noted above, the Chief Magistrate Judge considered each of Martinez's allegations and provided legal authority and analyses regarding the purported claims, finding no liability under § 1983 for the state-run entities or their employees for 4th and 5th Amendments violations based on the insufficient factual allegations. She also explained that the 8th Amendment does not apply as Martinez was not incarcerated at the time of his expulsion. Accordingly, the Chief Magistrate Judge found that none of the limited factual allegations plausibly state a claim for relief in this case. *See* Fed. Rule Civ. P 12(b)(6); *Iqbal*, 556 U.S. at 677–79; *Twombly*, 550 U.S. at 555–57; *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Martinez next objects that the Chief Magistrate Judge did not have jurisdiction to render a recommendation of dismissal. This argument is also incorrect. Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for

4

summary judgment, to dismiss or quash an indictment or information made by the defendant, *inter alia.* Thereafter, the magistrate judge will submit her recommendations to the district court for *de novo* review of the report and recommendation and portions of the report and recommendation to which any timely objections are raised. *Cobb v. Fed Ex Exp., Inc.*, No. 11-2274-STA-cgc, 2013 WL 3070839, at *1 (W.D. Tenn. June 17, 2013).

Martinez also objects that the PLRA does not apply to his case because he is not a prisoner. This argument is also incorrect. The district court must still screen the complaint under § 1915(e)(2). Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2). The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by*, *Jones v. Bock*, 549 U.S. 199 (2007). "The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2)." *Id.* at 608–09. Accordingly, this objection is also overruled.

As noted above, Martinez requests leave to amend the complaint based on his *pro se* status and to avoid dismissal of the case *sua sponte*. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. As such, these complaints must only plead facts sufficient to show a legal wrong has been committed from which a plaintiff may be granted relief. *See Mullins v. Smith*, 14 F. Supp.2d 1009, 1011 (E.D. Mich. July 27, 1998); *Haines v. Kerner*, 404 U.S. 519 (1972). *Pro se* civil rights complaints must allege some facts in support of the claim that are more than conclusory allegations. "Unless there is indisputably absent any factual or legal basis for the wrong asserted in the complaint, the trial court, [i]n a close case,

should permit the claim to proceed at least to the point where responsive pleadings are required." *Neitzke v. Williams*, 409 U.S. 319, 323 (1989) (internal quotations omitted.) Without some factual allegations, the fair notice requirement of the nature of the complaint is not satisfied. *Id*. at 325, 328–29. Although a district court is not required to extract the strongest cause of action on behalf of a *pro se* litigant or to create a claim that is not asserted within the complaint, *pro se* complaints must be liberally construed. *See Johnson v. Biden*, No. 13-2375-JDT-dkv, 2013 WL 3153774, at * 3 (W.D. Tenn. 2013) (citing *Payne v. Sec'y of Treas*., 73 F. App'x 836, 837 (6th Cir. 2003)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *See York v. Tennessee*, No. 2:14-cv-2525-JDT-dkv, 2015 WL 4459081 at *3 (W.D. Tenn. July 21, 2015) (quoting *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970)).

The Court agrees with the Chief Magistrate Judge that the initial Complaint lacks factual detail surrounding Martinez's expulsion from Southwest Community College. Martinez names employees of the college to which he attributes the alleged 4th and 14th Amendment constitutional violations. (ECF No. 1, 2 ¶ III C.) He goes on to state that these parties under the direction of the Tennessee Board of Regents and the Tennessee Department of Corrections and its employee, Tony Parker, knowingly and purposefully violated his constitutional rights of "freedom of security," which the Court construes as a 4th Amendment claim against unlawful searches, seizures and detention. (*Id*. at III & IV.) Martinez states that Tracy Hall ordered his removal from classes and banned him from the campus without due process in violation of his 14th Amendment rights. (*Id*. at IV.) He asserts that Lezly Webb detained him for several hours and threatened to have him incarcerated while ordering Officer Payne to harass his friend,

6

ultimately, removing him as student at the college. Martinez also alleges that Phoenix Worthy deprived him of his property and due process rights in removing him from his classes. (*Id*. at 3, IV–VI.)

Within his objections, Martinez requests leave to amend the initial Complaint. (ECF No. 12, 6 & ECF No. 12-3.) The federal rules instruct courts to freely grant leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a). The Chief Magistrate Judge correctly recommends *sua sponte* dismissal of all claims in the original Complaint. However, the Court finds that Martinez's request for leave to amend should be Granted. In granting leave to amend his Complaint, the Court is not doing so to allow Plaintiff to avoid *sua sponte* dismissal, in contradiction of *McGore*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).[2] Instead, the Court is granting leave to amend in order to avoid potential injustice in accordance with Rule 15(a). The Defendants will not be prejudiced by allowing Plaintiff to amend the Complaint since service of process has not yet been issued. Accordingly, the Court orders Plaintiff to file the proposed Amended Complaint into the record within seven (7) days of the date of this Order.

Once the Amended Complaint is filed, the Clerk of Court is directed to deliver a copy of the summonses issued for the named Defendants along with a copy of the Amended Complaint to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4 (c)(3) and Fed. R. Civ. P. 4(h)(1)(B).

---

[2] Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint. Section 1915A also provides for such *sua sponte* dismissals. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). As such, a district court may dismiss a complaint *sua sponte* for failure to state a claim. *Smith v. Boyd*, 945 F.2d 1041, 1042–43 (8th Cir.1991).

## CONCLUSION

After a *de novo* review of the Chief Magistrate Judge's Report and Recommendation and the Objections thereto, the undersigned Court adopts the Report and Recommendation with regard to the original Complaint, but Grants Plaintiff Leave to file an Amended Complaint and Orders service of the Amended Complaint to each of the named Defendants by the U.S. Marshal as directed.

**IT IS SO ORDERED** on this 7th day of June, 2019.

<u>*s/John T. Fowlkes, Jr.*</u>
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE