IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS MARTINEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **TENNESSEE BOARD OF REGENTS,** | ) | **Case No. 2:18-cv-02766-JTF-dkv** |
| **TRACY HALL, JACQUELINE** | ) | |
| **FAULKNER, LEZLY WEBB,** | ) | |
| **PHOENIX WORTHY, and TONY** | ) | |
| **PARKER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

On September 9, 2019, Plaintiff Douglas Martinez, proceeding *pro se*, filed a First Amended Complaint (the "Complaint") in this case against the Defendant Tennessee Board of Regents ("Board") and the Defendants Tracy Hall, Jacqueline Faulkner, Lezly Webb, Phoenix Worth, and Tony Parker individually and in their official capacities ("Individual Defendants") (collectively "Defendants"). (ECF No. 35.) The Defendants filed a Motion to Dismiss on November 8, 2019, urging this Court to dismiss the Complaint in its entirety for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 36 & 37.) Upon his request, Plaintiff was granted additional time to file a response. (ECF No. 39.) To date, Plaintiff has not responded and his time to do so has expired. (*See* ECF No. 43) (denying Plaintiff's second request for additional time to respond). The case was referred to the Chief Magistrate Judge pursuant to Administrative Order

1

2013-05. On January 8, 2020, the Chief Magistrate Judge issued a Report and Recommendation ("R&R"), advising this Court to dismiss the Complaint in its entirety. (ECF No. 42.) Neither party filed objections to the R&R. Plaintiff requested additional time to file objections, and the Court granted his request. (ECF Nos. 43 & 45.) However, Plaintiff never filed objections and his opportunity to do so has passed.

For the following reasons, the Court finds that the R&R should be ADOPTED and the Defendants' Motion to Dismiss should be GRANTED.

## FACTUAL HISTORY

In the R&R, the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 42, 3-9.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir.

2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard.").  However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.  The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed."  *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985)).  This is consistent with the purposes of 28 U.S.C. § 636, particularly to preserve judicial economy and protect against the "duplication of time and effort" caused when "both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991).

## <u>ANALYSIS</u>

The Chief Magistrate Judge conducted an extensive analysis of Plaintiff's claims and the Defendants' Motion to Dismiss, ultimately concluding that the Complaint should be dismissed in its entirety.  (ECF No. 42, 36.)  Construing the facts in the light most favorable to Plaintiff, the R&R found that this Court lacks subject matter jurisdiction over Plaintiff's federal and state claims against the Tennessee Board of Regents and the Individual Defendants in their official capacities.  (*Id*. at 12-20 & 36) (citing Fed. R. Civ. P. 12(b)(1)).  The R&R also found that Plaintiff's federal claims, alleging that the Individual Defendants in their individual capacities violated Plaintiff's due process and equal protection rights, as well as the Adam Walsh Act, and two federal criminal statutes, should all be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  (*Id*. at 20-33.)  Finally, the Chief Magistrate Judge found that Plaintiff's state law claims against

the Individual Defendants in their individual capacities should also be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim. (*Id*. at 33-36.)

In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court finds that the R&R should be adopted.

## CONCLUSION

Upon *de novo* review, the Court **ADOPTS** the R&R in its entirety and **DISMISSES** the Complaint **WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

**IT IS SO ORDERED** on this 6th day of February 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR
UNITED STATES DISTRICT JUDGE

---

[1] Due to his *pro se* status, the Court notifies Plaintiff of his right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).